# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| NORMAN HUTCHINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Docket No. 09-cv-45-P-S |
| STATE OF MAINE, MAINE DRUG | ) |
| ENFORCEMENT AGENCY, and | ) |
| MEXICO POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is the Motion for Partial Summary Judgment by the State of Maine and Maine Drug Enforcement Agency (the "State Defendants") (Docket # 10). As explained herein, the Court GRANTS the motion.[1]

*Pro se* Plaintiff Hutchinson asserts various federal and state law claims, arising out of his arrest and Defendants' seizure of his "religious cannabis." (Compl. (Docket # 1-4) ¶¶ 6-8.) Specifically, Counts 5 through 10 state claims for false imprisonment, trespass, conversion, invasion of privacy, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Id. ¶¶ 31-46.) He seeks injunctive relief, compensatory damages, and attorneys' fees and costs from the Defendants in their official capacities. (Id. ¶¶ 9, 47-50.)

In short, Plaintiffs' failure to comply with the Maine Tort Claims Act's notice provision and statute of limitations warrants partial summary judgment. In order to sue a governmental entity in tort under the Act, a plaintiff must generally serve a notice of claim

---

[1] Of course, the Court follows the standard summary judgment framework, which it most recently articulated in Lewis v. Geico General Ins. Co., 600 F. Supp. 2d 220, 221 (D. Me. 2009).

within 180 days after any cause of action accrues.  See 14 M.R.S.A. §§ 8107(1), (3)(A).  Moreover, a plaintiff must his bring any such claim within 2 years of accrual.  See id. § 8110.  A cause of action accrues when a plaintiff suffers a judicially cognizable injury.  Porter v. Philbrick-Gates, 745 A.2d 996, 998 n.2 (Me. 2000).

The aforementioned arrest and seizure occurred on August 16, 2004.[2]  Plaintiff's Complaint is dated January 13, 2009, more than 4 years later, in clear violation of the Act's statute of limitations.  Moreover, no genuine issue of material fact exists as to Plaintiffs' compliance with the Act's notice provision.[3]

For the foregoing reasons, the Court ORDERS that the State Defendants' Motion for Partial Summary Judgment (Docket # 10) is hereby GRANTED.  Accordingly, judgment shall enter in favor of Defendant State of Maine and Defendant Maine Drug Enforcement Agency on Counts 5 through 10.  Counts 1 through 4 survive as to all Defendants; Counts 5 through 10 survive as to Defendant Mexico Police Department.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 4th day of May, 2009.

---

[2] (See Defendants' Statement of Material Fact (Docket # 11) ¶ 5.)

[3] (See id. ¶¶ 18-22.)