UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NORMAN HUTCHINSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civ. No. 09-45-P-S |
| ) | |
| STATE OF MAINE, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTIONS AND
CROSS-MOTION FOR SUMMARY JUDGMENT**

Norman Hutchinson commenced this civil action against the State of Maine, the Maine Drug Enforcement Agency (MDEA), and the Mexico Police Department in the state courts and the case was removed to this court. The complaint challenges "the policies and practices of the Defendants, regarding the prohibition and restrictions of the plaintiff's First Amendment guaranteed right to practice his religion unabated and without government interference and intervention."[1] Hutchinson identifies himself as a member of The Religion of Jesus Church, indicates that religious cannabis is a legitimate sacrament of this church, and asserts that his arrest and an attendant search on marijuana charges infringed his rights under the First Amendment and the Religious Freedom Restoration Act (RFRA).

Before the court is Hutchinson's motion for summary judgment (Doc No. 16), a cross-motion for summary judgment filed by the State of Maine and the MDEA (Doc. No. 18), and a motion for summary judgment pressed by the Mexico Police Department (Doc. No. 20). I recommend that the Court deny Hutchinson's motion for summary judgment and grant the State

---

[1] (Compl. ¶1, Doc. No. 1-4.)

of Maine and MDEA's cross-motion for summary judgment[2] and the Mexico Police Department's motion for summary judgment.

## *DISCUSSION*

**A.     Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  I "draw the relevant facts from the summary judgment record and rehearse them in the light most flattering to" the non-movant.  Bergeron v. Cabral, 560 F.3d 1, 4 (1st Cir. 2009) (citing Cox v. Hainey, 391 F.3d 25, 27 (1st Cir.2004 (quoting Federal Rule of Civil Procedure 56(c)).  I draw all reasonable inferences in favor of the movant, but where a respondent bears the burden of proof, the respondent "'must present definite, competent evidence' from which a reasonable jury could find in [the respondent's] favor." United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

With respect to Hutchinson's motion for summary judgment and his response to the two defense motions for summary judgment, Hutchinson has not complied with District of Maine Local Rule 56.  As relevant to Hutchinson's own motion for summary judgment, subsection (b) of Local Rule 56 requires:

> A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, each set forth in a separately numbered paragraph(s), as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and

---

[2]     This Court granted these defendants partial summary judgment in a May 4, 2009, order.

> directly stated in narrative without footnotes or tables and shall be supported by a record citation as required by subsection (f) of this rule.

Dist. Me. Loc. R. 56(b).

As for Hutchinson's response to the defendants' motions, subsection (c) of Local Rule 56 provides:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

Dist. Me. Loc. R. 56(c).

However, with regards to the defendants' motions, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002).

B.  **Hutchinson's Motion for Summary Judgment**

Hutchinson's motion for summary judgment asserts in its entirety:

> 1.     UNDER THE MAINE STATE CONS[T]ITUTION SECTION 21. Property shall not [b]e taken for public use with out [sic] just compensation. The Mexico police department ha[s] illegally taken my property and violated the Maine State constitution and the law by trespass, invasion of privacy, false

3

> imprisonment, conversion, negligent infliction of emotional distress, and intentional infliction of emotional distress.  I would ask this court [t]o order this agency to pay me 12 thousand dollars for my four wheeler th[e]y sold the value of it, and compensate me 12 thousand dollars a day from the time th[e]y took my four wheeler on [A]ugust  16, 2004 till the day of final order … in accordance with Maine State constitution section 21.  I would further ask this court to order that I be paid the maximum dollar amount the law allows [f]or every day I spent in jail for false imprisonment!  I would settle for a thousand a day.  Then there [is] the matter of my sacrament and equipment I am seeking fifty-eight thousand dollars for loss of.
> 2.    ON THE GROUNDS
>     1.     VIOLATION OF FREE EXERCISE CLAUSE OF FIRST AMENDMENT
>     2.    VIOLATION OF FREE EXERCISE CLAUSE OF MAINE CONSTITUTION
>     3.    VIOLATION OF FREEDOM OF RELIGION RES[T]ORATION ACT 42 U.S.C. 200BB-1
>     4.    VIOLATION OF U.S.C 1983
> I would ask this court to order these agency state of Maine, Maine Drug enforcement agency to pay me damages in the amount of 75 million Dollars for these v[i]olation[s] of my constitutional rights and the law.  If this court can not agree in the amount of damages I would petition this court for trial by jury and that the jury determine the amount of damages.

(Hutchinson Mot. Summ. J. at 16.)  There is no statement of fact accompanying this pleading.  In short, Hutchinson's motion for summary judgment -- which is no more than a polemic on his rights and his request for damages -- is so wholly inadequate that I cannot  even begin to analyze it  under the summary judgment standard.[3]  I recommend that the motion be denied.

**C.    Facts**

As for the defendants' motions for summary judgment, the undisputed facts are as follows.

### 1.    Mexico Police Department (Doc. No. 21)

On August 16, 2004, Chief James Theriault of Defendant Mexico Police Department was on a marijuana plant eradication detail in Dixfield providing assistance to the Dixfield Police

---

[3]    It is akin to a meritless request for judgment on the pleadings.

Department.  (Mexico SMF ¶ 1.) While engaged in this law enforcement activity, he and other officers discovered a marijuana grow. (Id. ¶ 2).  The officers eradicated between 40 and 50 plants. (Id. ¶ 3.) The Dixfield Police Department seized two four-wheeler vehicles that were used to tend the plants. (Id. ¶ 4.) One of the vehicles was registered to Mr. Norman Hutchinson, a resident of Mexico, Maine. (Id. ¶ 5.) In addition, the Dixfield Police Department learned during its investigation of the outdoor marijuana grow that Mr. Hutchinson was also cultivating marijuana in his home in Mexico. (Id. ¶ 6.)

Based upon this and other information, the Mexico Police Department applied to the court for a search warrant covering Mr. Hutchinson's home. (Id. ¶ 7.).  The request for a search warrant was supported by an affidavit executed by Special Agent Tony Milligan of the Maine Drug Enforcement Agency (MDEA). (Id. ¶ 8.)  The affidavit outlined the information available at that time that comprised the officers' probable cause. (Id. ¶ 9.)  The court issued the search warrant on August 16, 2004. (Id. ¶ 10.)

Chief Theriault and other officers of the Mexico Police Department – along with officers from other agencies – executed the search warrant on August 16, 2004. (Id. ¶ 11.) The officers located approximately 55 marijuana plants growing in Mr. Hutchison's home, along with apparatus and supplies used to grow the plants. (Id. ¶ 12.)  Chief Theriault noted that Mr. Hutchinson's home is situated less than 1000 feet from the Alternative Education School. (Id. ¶ 13.)

At some point while the search was ongoing, Mr. Hutchinson arrived at his home. (Id. ¶ 14.) Chief Theriault interviewed Mr. Hutchinson. (Id. ¶ 15.) Mr. Hutchinson admitted that he was growing marijuana in his home. (Id. ¶ 16.) Based on all of this information and evidence, Chief Theriault arrested Mr. Hutchinson for aggravated cultivation of marijuana in violation of

Maine law. (Id. ¶ 17.) The evidence that was seized as a result of the search was inventoried and placed in the custody of the MDEA. (Id. ¶ 18.)

Since 2004, Chief Theriault is the official with the Town of Mexico who collects any notices of claim served on the Mexico Police Department or on the Town of Mexico for claims arising out of actions by Department employees. (Id. ¶ 19.) Chief Theriault confirms that Mr. Hutchinson did not serve either the Mexico Police Department or the Town of Mexico with a notice of claim pertaining to the matters alleged in his complaint. (Id. ¶ 20.) Moreover, Mr. Hutchinson, in responding to a request for production in this lawsuit, admitted that there were no notices of claim sent to the Mexico Police Department or the Town of Mexico pertaining to the matters alleged in his complaint. (Id. ¶ 21.)

In an *amicus curiae* brief filed with the Maine Law Court, the Maine Attorney General has taken the position that Maine's compelling interest in regulating the serious problem of drug use can only be adequately served by provisions of general application. (Id. ¶ 22.)

Hutchinson ultimately pled guilty in Maine Superior Court to the charge of marijuana cultivation. (Id. ¶ 23.) He was convicted in Maine Superior Court for marijuana cultivation. (Id. ¶ 24.)

### 2. State of Maine and MDEA (Doc. No. 11)[4]

At all times relevant to the Complaint in this case, Norman Hutchinson was a resident of Mexico, Maine, and a member of "The Religion of Jesus Church," (State SMF ¶ 1), the State of Maine was a body politic (id. ¶ 2), and the Maine Drug Enforcement Agency (MDEA) was an agency of the State of Maine (id. ¶ 3).

---

[4] The defendants have incorporated their statement of facts filed in support of their earlier motion for partial summary judgment. In setting forth these facts I have omitted the facts that pertain to the notice of claim -- or absence thereof -- because those are only material to the already resolved motion for partial summary judgment.

The "Docket Record" in State v. Hutchinson, SOPSC-CR-2004-0479, (the criminal case) states than an indictment charging Hutchinson with "Aggravated Cultivating of Marijuana," 17-A M.R.S.A. § 1105 (D) (1) & (4), and "Criminal Forfeiture of Property," 15 M.R.S.A. § 5826, (the criminal charges) was filed with the Oxford County Superior Court on November 19, 2004. (Id. ¶ 4.) The docket record states that the offense date for the criminal charges against Hutchinson is August 16, 2004. (Id. ¶ 5.) The Indictment in State v. Hutchinson states, in relevant part, that Norman Hutchinson did, on "or about August 16, 2004, in Mexico . . . intentionally or knowingly grow or cultivate more than 5 and fewer than 100 marijuana plants." (Id. ¶ 6.)[5] The Indictment in State v. Hutchinson states, in relevant part, that Norman Hutchinson on "or about August 16, 2004, in Mexico . . . used or intended to use . . . [One (1) ATV, VIN/HUF04ATV94T226715] . . . to facilitate the transportation, sale, trafficking, furnishing, receipt, possession or concealment of scheduled drugs in violation of Title 17-A, Chapter 45 of the Maine Revised Statutes[.]" (Id. ¶ 7.) An "Inventory [M. R. Crim. P 41(d)]" dated August 18, 2004, states that MDEA Agents seized marijuana and numerous pieces of marijuana cultivating equipment from Hutchinson's home at 21 Granite Street, Mexico, Maine, on August 16, 2004. (Id. ¶ 8.) According to a "Uniform Summons and Complaint," Norman Hutchinson was arrested for the offense "Aggravated Cultivation of Marijuana" on August 16, 2004. (Id. ¶ 9.)

By a "Motion to Amend" dated September 20, 2005, the attorney for the State of Maine moved to amend Count 1 of the Indictment against Hutchinson by deleting the language, "NORMAN A. HUTCHINSON was within 1000 feet of the real property comprising a private or public elementary or secondary school at the time of the offense." (Id. ¶ 10.) A justice of the

---

[5] Hutchinson denies this paragraph by stating, "Sacrament." (Resp. State SMF ¶ 6.)

Superior Court granted the State's Motion to Amend on September 20, 2005, thereby leaving Hutchinson charged with the offense of "Marijuana Cultivation, Class D." (Id. ¶ 11.)

Mr. Hutchinson was represented by counsel in the criminal case. He entered a "not guilty" plea to the criminal charges against him on December 08, 2004. (Id. ¶ 12.) On September 20, 2005, Hutchinson pled guilty to Cultivating Marijuana (Class D) and criminal forfeiture of his ATV. (Id. ¶ 13.)[6] Hutchinson was sentenced to the Department of Corrections for a term of 364 days, with all but 60 days suspended, and placed on probation for 1 year. Execution of his sentence was stayed until October 4, 2005. (Id. ¶ 14.) Conditions of Probation required Mr. Hutchinson to refrain from using unlawful drugs, to submit to random searches and testing for drugs, and to obtain substance abuse counseling. (Id. ¶ 15.)

On September 23, 2005, the State of Maine moved to revoke Mr. Hutchinson's probation because he violated the conditions of his probation by possessing marijuana on September 20, 2005, and by cultivating marijuana on September 22, 2005. (Id. ¶ 16.) On November 9, 2005, Mr. Hutchinson admitted violating the conditions of his probation. He was therefore ordered to serve 120 days of the suspended portion of his sentence with credit for 60 days he had already served. (Id. ¶ 17.)[7]

### D.   Hutchinson's Rebuttals

Having failed to dispute any of the above facts, Hutchinson's two rebuttals to the motions for summary judgment do not bolster his case. In one of his rebuttals he addresses violation of his constitutional rights by an officer of the judicial system and a state superior court with respect to their treatment of a third party, one Larry B. McClain. (Doc. No. 22 at 1.) He also stresses his

---

[6]   Hutchinson denies this paragraph by stating, "Under duress." (Resp. State SMF ¶ 13.)
[7]   Hutchinson denies this paragraph by stating, "Under duress." (Resp. State SMF ¶ 17.)

belief that his constitutional rights have been violated by his imprisonment and the seizure of his property. (Id.) In his other rebuttal Hutchinson reiterates his assertion vis-à-vis the violation of McClain's rights, naming two officers presumably involved in that incident. (Doc. No. 23 at 1.) He also adds a new third party to the mix, complaining of the treatment of Julia St. James during a search, again identifying two officers involved in St. James's case. (Id.) Hutchinson seems to believe that St. James's experience denied him his due process rights. Attached to this motion is a newspaper article/opinion piece that speaks of St. James, her membership in the Fourth Branch Party, and her arrest for marijuana cultivation. (Doc. No. 23-2 at 1.) On this copy Hutchinson has written that there is no record of St. James's case at the court house, indicating that he called for the docket. (Id.) Hutchinson has also submitted a Fourth Branch newsletter, which is on file with the court. With regards to this publication he does not highlight any specific passage.

E.     **Recommendation of Judgment in Favor of Defendants**

   1.     **Counts 1, 2 & 4:  Free exercise under the United States and Maine Constitutions[8]**

   "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I (emphasis added).  It is settled law in this circuit that statutes, such as Maine's, controlling the use and distribution of marijuana by private citizens are not subject to successful free exercise challenges pursuant to the United States Constitution. See United States v. Rush, 738 F.2d 497, 513 (1st Cir. 1984) (federal controlled substance prohibition); see also Olsen v. State of Iowa, 808 F.2d 652, 653 (8th Cir. 1986)(state criminal statute); see also e.g., United States v. Greene, 892 F.2d 453, 456 -57 (6th Cir. 1989);  Olsen v.

---

[8]     Count 4 is alleged as one brought pursuant to 42 U.S.C. § 1983. Section 1983 is but a fulcrum for suit to remedy violations of a plaintiff's federal constitutional or statutory rights by state actors.  Accordingly, I fold the analysis of this count into the analysis of Hutchinson's free exercise claim as this is the only constitutional theory he advances.

9

Drug Enforcement Admin., 878 F.2d 1458, 1462-63 (D.C. Cir. 1989); United States v. Middleton, 690 F.2d 820, 826 (11th Cir. 1982). Hutchinson has failed to create a factual or legal dispute that would prompt this court to conclude that his challenge is distinguishable from the challenges brought in these precedents.

> Article I, Section 3 of the Maine Constitution provides as relevant:
>
> All individuals have a natural and unalienable right to worship Almighty God according to the dictates of their own consciences, and no person shall be hurt, molested or restrained in that person's liberty or estate for worshipping God in the manner and season most agreeable to the dictates of that person's own conscience, nor for that person's religious professions or sentiments, provided that that person does not disturb the public peace, nor obstruct others in their religious worship; -- and all persons demeaning themselves peaceably, as good members of the State, shall be equally under the protection of the laws, and no subordination nor preference of any one sect or denomination to another shall ever be established by law….

Me. Const. art. 1, § 3. The Maine Law Court has held that the enforcement of the state's marijuana laws cannot lead to relief under this provision of the Maine Constitution. Rupert v. City of Portland, 605 A.2d 63, 67 (Me. 1992) ("We are unwilling to read the Maine Constitution to compel an exemption that would so seriously compromise law enforcement efforts to deal with a problem that the legislature has determined is a threat to the health and welfare of our citizens."); see also Dee v. United States, 241 F.Supp.2d 50, 51 (D. Me. 2003). Thus, the defendants are entitled to judgment on Counts 1, 2, and 4 of Hutchinson's complaint.

### 2. Count 3: Freedom of Religion Restoration Act

In City of Boerne v. Flores, 521 U.S. 507 (1997 ) the United States Supreme Court made it clear that RFRA does not apply as against the states. As a consequence Hutchinson cannot seek a civil remedy under the RFRA against these defendants who were enforcing this state law in making his arrest, searching his property, and detaining him. See Olsen v. Mukasey, 541 F.3d

827, 830 (8th Cir. 2008); San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1030 n. 3 (9th Cir.2004).

### 3. Counts 5 through 10: Maine tort claims against the Mexico Police Department

This Court has already granted partial summary judgment to the State of Maine and the MDEA on Hutchinson's state tort claims. See Hutchinson v. Maine, Civ. No. 09-45-P-S, 2009 WL 1293687, 1 (D. Me. May 4, 2009). The Mexico Police Department's facts pertaining to the want of notice are uncontroverted by Hutchinson and I conclude, based on this Court's ruling on the partial motion for summary judgment, that it would reach the same conclusion apropos this defendant as to the non- viability of Hutchinson's six tort counts.

## CONCLUSION

For the reasons set forth above, I recommend that the Court deny Hutchinson's motion for summary judgment and grant judgment to State of Maine and MDEA on its cross-motion for summary judgment on the remaining, constitutional and RFRA counts and to the Mexico Police Department as to all the counts of Hutchinson's complaint.[9]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

---

[9] The defendants make alternative arguments that I find are unnecessary to address in this decision.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                      /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

July 20, 2009.